In re Yagman

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> > *Circuit Judges,*
> GEOFFREY W. CRAWFORD,*
> > *District Judge.*

---

Stephen Yagman,

> *Debtor-Appellant,*
>
> v.                                            16-57

David R. Kittay,

> *Trustee-Appellee.*

---

---

* Judge Geoffrey W. Crawford, of the United States District Court for the District of Vermont, sitting by designation.

1

**FOR APPELLANT:**          Stephen Yagman, pro se, Venice Beach, California.

**FOR APPELLEE:**          David R. Kittay, Esq., pro se, Tarrytown, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Stephen Yagman, the debtor in a Chapter 7 bankruptcy proceeding, appeals pro se from the district court's order dismissing, for lack of standing, his appeal from a bankruptcy court order that overruled his objections and directed the trustee to distribute the bankruptcy estate. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We conduct a plenary review when a bankruptcy appeal reaches us after district court review of a bankruptcy order, assessing conclusions of law de novo and factual findings for clear error. *In re First Central Fin. Corp.*, 377 F.3d 209, 212 (2d Cir. 2004). As to the ruling on standing: "To have standing to appeal from a bankruptcy court ruling in this Circuit, an appellant must be an 'aggrieved person,' a person 'directly and adversely affected pecuniarily' by the challenged order of the bankruptcy court." *In re Gucci*, 126 F.3d 380, 388 (2d Cir. 1997) (citing *In re Colony Hill Assoc.*, 111 F.3d 269, 273 (2d Cir. 1997)).

Upon review, we conclude that the district court properly dismissed Yagman's appeal for lack of subject matter jurisdiction. The bankruptcy court approved a settlement agreement under which Yagman withdrew his objection to the claims of certain creditors and waived his right to object to the distribution of the bankruptcy estate. Yagman failed to object to the bankruptcy trustee's motion for settlement approval, and did not appeal from the bankruptcy court's order approving the settlement. He cannot now challenge that order,

and is thus barred from challenging the distribution of the bankruptcy estate. As the district court determined, Yagman lacked standing to challenge the bankruptcy court's order because he had no direct financial interest in the bankruptcy estate's funds. *See In re Gucci*, 126 F.3d at 388.

We have considered all of Yagman's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3